UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MORFY GUILLERMO MACIER,

Petitioner,

v. Case No.: 2:26-cv-02832-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.
_______________________________________/

**OPINION AND ORDER**

Before the Court are Morfy Guillermo Macier's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Guillermo Macier, a noncitizen in immigration detention, sought habeas relief from this Court in *Guillermo Masier v. I.C.E.*, M.D. Fla. Case No. 2:26-cv-2294-SPC-KRH. The Court ordered the respondents to either bring Guillermo Macier before an immigration judge for a bond hearing with certain guardrails or release him from custody. On August 26, 2026, Immigration Judge Liviu Lungu found Guillermo Macier to be a flight risk and denied release on bond. (Doc. 8-1 at 26-29). Guillermo Macier filed a post-judgment motion seeking release from custody. The Court denied it because Judge Lungu's bond decision complied with its habeas order.

Guillermo Macier raises a slew of claims in the instant petition. He frames them as constitutional in nature and states he is not asking the Court to review Judge Lungu's discretionary bond decision. But the petition does not raise any cognizable constitutional claims not addressed in the prior action—those claims were remedied with an individualized bond hearing at which the government bore the burden of proof. Guillermo Macier does not identify any defects in the August 26, 2026 bond decision that could amount to a due-process violation. Rather, he invites the Court to reweigh the evidence and overrule Judge Lungu's decision. The proper way to challenge the result of a bond hearing is appeal to the BIA. This Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, Guillermo Macier's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties or Record